IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00893-MSK-BNB

TIMOTHY ASHFORD,

      Plaintiff,

v.

AMERICAN RESIDENTIAL SERVICES LLC,  a Tennessee corporation, d/b/a ARS of Colorado,

      Defendant.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT (#57)

---

THIS MATTER comes before the Court on the Defendant's Motion for Summary Judgment (**#57**).  Having considered the motion, the supporting brief (**#58**), the response (**#61**), the opposing brief (**#62**), the reply (**#66**), the reply memorandum (**#65**), and the notice of supplemental authority (**#74**), the Court finds and concludes as follows.

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II.  Issue Presented

The Court must determine whether a trial is required on any of the Plaintiff's claims.

### III.  Material Facts

Based upon the evidence submitted, which the Court construes most favorably to the Plaintiff ("Mr. Ashford"), the Court finds for purposes of this motion that Mr. Ashford has presented evidence of the following:

1.      Mr. Ashford worked for the Defendant, American Residential Services LLC ("ARS"), in Colorado, as a drain cleaner.

2.      Mr. Ashford voluntarily left his job with ARS when he moved to Oklahoma in 2001.

3.      In December 2002, Mr. Ashford met with James Van Loozen, an ARS representative, at Mr. Van Loozen's office located in the ARS facility in Colorado.  During that meeting, Mr. Ashford asked ARS to rehire him.  Mr. Van Loozen looked up Mr. Ashford's personnel information on the computer, then stated: "Your numbers look good, okay."  Mr. Ashford then told Mr. Van Loozen that he could not start right away because he needed to return to Oklahoma to make moving arrangements.

4.      Mr. Ashford's son was present during the meeting with Mr. Van Loozen.  Both Mr. Ashford and his son interpreted Mr. Van Loozen's statement to mean that ARS agreed to rehire Mr. Ashford and that Mr. Ashford could begin work once he moved back to Colorado.

5.      Mr. Ashford moved back to Colorado in February 2003.  He showed up for work at ARS' place of business, where Mr. Van Loozen then informed him that he was not being rehired.

### IV.  Standard of Review

Determination of claims or defenses on their merits without a trial is governed by Rule 56 of the Federal Rules of Civil Procedure, which facilitates the entry of a judgment if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Rule 56 authorizes summary adjudication when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law

determines the material facts and issues. It specifies the elements that must be proved for a given

claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v.*

*Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and

summary judgment is precluded if the evidence presented in support of and opposition to the

motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See*

*Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all

evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.

*See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e).

Once the moving party has met its burden, to avoid summary judgment the responding party must

present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See*

*Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v.*

*Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

If the moving party does not have the burden of proof at trial, it must point to an absence

of sufficient evidence for a reasonable jury to find in favor of the non-movant on the claim or

defense that the non-movant is obligated to prove. If the respondent fails to produce sufficient

competent evidence to establish its claim or defense, the claim or defense must be dismissed. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## V. Analysis

ARS moves for summary judgment on all four of Mr. Ashford's claims, which are:

(1) breach of contract; (2) promissory estoppel; (3) luring in violation of § 8-2-104, C.R.S.; and (4) negligent misrepresentation.  It also moves for summary judgment on its affirmative defense that Mr. Ashford failed to mitigate his damages.  Mr. Ashford opposes the motion.

Mr. Ashford's claims are simply different theories for recovery arising from the same set of facts.  If Mr. Ashford can make a *prima facie* showing on any claim, and there is a genuine dispute as to a material fact which a jury must resolve, a trial is required.  *See Jordan v. Pugh*, 425 F.3d 820, 827-29 (10th Cir. 2005).  In such circumstance, it is within the Court's discretion as to whether partial summary judgment should be entered on alternative theories or whether such argument should be determined in accordance with Fed. R. Civ. P. 50 at the time of trial.

With regard to the breach of contract claim, ARS contends that Mr. Ashford cannot produce evidence to support any element of such claim.  The elements of a breach of contract claim are: (1) there was a contract; (2) Mr. Ashford performed under the contract or was justified for failing to perform under the contract; (3) ARS failed to perform under the contract; and (4) Mr. Ashford was damaged as a result.  *See Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  As for element 1 in particular, ARS argues that Mr. Ashford cannot show: (1) that there was an agreement as to all essential terms of the contract; and (2) that there was a mutuality of obligation in that Mr. Ashford was obligated to return to Colorado.

Whether terms of a contract are "essential" depends upon the facts and circumstances of a particular case.  *See Phoenix Power Partners, L.P. v. Colorado Public Utilities Comm'n*, 952 P.2d 359, 365 (Colo. 1998).  It often presents a jury question.  *See I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882, 888 (Colo. 1986).

Mr. Ashford has made a sufficient *prima facie* showing as to all four elements.  He has

produced evidence that he asked ARS to rehire him to his former position upon his return to

Colorado, and ARS agreed.  He also has produced evidence that in his conversation with Mr. Van

Loozen, he expressed his intent to move from Oklahoma to Colorado.  Indeed, he did so within

two months.  He also has produced evidence that he showed up for work at ARS' place of

business in February 2003 and ARS informed him that he was not being rehired.  As a result, Mr.

Ashford was denied a job.

It is also clear that ARS disputes these facts.  Therefore, a trial is required.  Because a trial

is required, the Court declines to consider entry of partial summary judgment on any other theory

of recovery.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Summary Judgment

**(#57)** is **DENIED**.

Dated this 11th day of January, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge